**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2018
_____

UNITED STATES OF AMERICA

v.

JEFFREY E. MICHELSON,

Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(No. 3:09-cr-748-01)
District Judge: Hon. Freda L. Wolfson

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 16, 2012

Before: RENDELL, FUENTES and CHAGARES, Circuit Judges.

(Filed: November 20, 2012)

_____

OPINION
_____

CHAGARES, Circuit Judge.

Jeffrey Michelson pled guilty to one count of bank fraud. Michelson appeals and

his counsel has moved to withdraw representation under Anders v. California, 386 U.S.

738 (1967). For the reasons that follow, we will grant counsel's motion to withdraw and affirm the District Court's judgment of conviction and sentence.

## I.

We write exclusively for the parties and thus recount only the facts essential to our disposition. On September 30, 2009, Michelson pled guilty to one count of bank fraud in violation of 18 U.S.C. § 1344. The charge arose from Michelson's conduct as Chief Executive Officer (CEO) of his family's company, Glikin Brothers, which distributed tobacco, candy, and other products. As CEO, Michelson managed the daily financial operations of the company. In that capacity, Michelson altered or caused to be altered checks received from other companies to reflect increased amounts. He then deposited those checks into the company's operating account to obtain larger deposits and instant credit by fraud. Michelson also deposited worthless checks into the company's operating account, which created instant credit in the amount of each worthless deposit. This conduct allowed Michelson to represent falsely the financial solvency of the company. In 2008, Michelson successfully applied for a $1.75 million small business loan with a $2.5 million line of credit from Provident Bank. Michelson thereafter submitted fictitious documents to ensure that Provident Bank would continue to extend credit.

Michelson and the Government entered into a plea agreement. Under the terms of the agreement, Michelson waived his right to appeal a sentence that resulted from an advisory United States Sentencing Guidelines (Guidelines) offense level of twenty-four or less. At sentencing, the District Court granted the Government's U.S.S.G. § 5K1.1 motion for a two-level downward departure based on Michelson's substantial assistance.

2

The downward departure resulted in an offense level of twenty-two, which, combined with Michelson's criminal history category, yielded an advisory Guidelines range of forty-one to fifty-one months of imprisonment. On February 15, 2011, the District Court sentenced Michelson to forty-four months of imprisonment followed by a four-year term of supervised release. After a separate hearing, the court ordered restitution to Provident Bank in the amount of $4,005,601.27 and restitution to the Michelson family in the amount of $535,836.23.

Michelson appeals and his counsel has moved to withdraw under Anders.

## II.[1]

Counsel may move to withdraw from representation if, after a thorough examination of the District Court record, he or she is "persuaded that the appeal presents no issue of even arguable merit." 3d Cir. L.A.R. 109.2(a); see also Anders, 386 U.S. at 744 ("[I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw."). To evaluate an Anders motion to withdraw, this Court will ask: (1) whether counsel has thoroughly examined the record for appealable issues and explained why any such issues are frivolous; and (2) whether an independent review of the record presents any non-frivolous issues. United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). If "the Anders brief initially appears adequate on its face," the second step of our inquiry is "guided . . . by the Anders brief itself." Id. at 301 (quotation marks omitted).

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. This Court exercises jurisdiction pursuant to 28 U.S.C. § 1291.

Michelson's attorney submits that he has thoroughly reviewed the record and found no non-frivolous issues to raise on appeal. Counsel has identified three possible areas for review: (1) whether the District Court had jurisdiction; (2) whether Michelson entered a valid guilty plea; and (3) whether the sentence and order to pay restitution were procedurally and substantively reasonable. After reviewing the record, counsel concludes that the District Court properly exercised jurisdiction pursuant to 18 U.S.C. § 3231, that the plea hearing satisfied Federal Rule of Criminal Procedure 11, and that the District Court properly sentenced Michelson. With respect to Michelson's sentence, counsel asserts that the District Court correctly calculated the advisory Guidelines range, evaluated departure motions, and considered the relevant 18 U.S.C. § 3553(a) factors. Counsel also concludes that the plea agreement bars Michelson's appeal of his sentence and the restitution order.

Counsel's Anders brief is adequate and will guide our review of the record. We agree with counsel that Michelson's plea was voluntary, that his sentence was procedurally and substantively reasonable, and that Michelson waived his right to appeal a sentence that fell within the range contemplated by the plea agreement. A review of the record also confirms that the District Court carefully considered the proper amount of restitution. We conclude that there are no non-frivolous issues for Michelson to raise on appeal.

## III.

For the foregoing reasons, we will grant counsel's motion to withdraw and affirm the judgment of conviction and sentence.